[Civ. No. 7259. First Appellate District, Division Two.—April 29, 1930.]

WALTER J. ARIES et al., Respondents, v. ELLA B. SQUIRES, Appellant.

Harry A. Finkenstein for Appellant.

Fred W. Morrison for Respondents.

BURROUGHS, J., *pro tem.*—This is an action by Walter J. and Clella M. Aries to recover the sum of $7,000 alleged to be due from the defendant Ella B. Squires by virtue of an agreement entered into by the parties on February 15, 1926. The plaintiffs recovered judgment as prayed for and from the said judgment defendant appeals.

The agreement above referred to recites that Ella B. Squires, the defendant herein, is the owner of the Dresden Apartments, 1919 West Seventh Street, Los Angeles. That the plaintiffs Aries, herein, are lessees of said apartments and are in arrears for rent due thereon in the sum of $3,550, which they are unable to pay. That for the purpose of settling their business difficulties without resorting to the courts, it is provided in said agreement that the Aries will execute a bill of sale for all of the furniture, furnishings and equipment belonging to them and located in said apartment, and will assign and surrender the lease thereof to the defendant Squires, and also assign and surrender to the said defendant Ella B. Squires certain promissory notes received by them from tenants of said apartments for rent past due. As a consideration therefor the defendant Squires agreed as follows: "The party of the first part (Squires) agrees that she will pay the said second parties (Aries) their heirs, administrators, and assigns, the sum of Seven Thousand ($7,000.00) Dollars in gold coin of the United States, at the time and when she sells the Dresden Apartments, Los Angeles, California."

The present dispute between the parties arises out of the proper interpretation to be given to the paragraph, above

quoted, as to the time when the payment of the $7,000 falls due. Under the evidence admitted by the court, it appears that the plaintiffs Aries have performed all of the conditions required by said contract and that the defendant has resold all of the furniture, furnishings and equipment conveyed to her by the plaintiffs, also that she has leased the apartment house for a period of five years, but that she still retains title to the real estate and apartment house itself. It is claimed by the appellant that the clause of the contract requiring her to pay the plaintiffs $7,000 fixes the time of payment as of the date she sells the real estate and apartment house thereon. It is the claim of the respondent that the time referred to for the payment was upon the sale of the furniture, furnishings and equipment and the leasing of the apartment house.

We think it does not require a citation of authorities to demonstrate that the clause of the contract quoted is ambiguous. The appellant owned the apartment house itself. The respondents had no interest therein except a leasehold. They also owned the furniture, etc. The date of payment of the purchase price depends upon a sale by the defendant of either the real estate and improvements or a sale of the apartment house furnishings and the lease. To give the contract the construction contended for by appellant would be to postpone the date of payment of the sum due respondents according to the caprice or whim of the appellant or if she never sold the real property then the amount would never become due. This would be an absurd construction. The evidence admitted by the court to explain this ambiguous clause of the contract was conflicting. The respondents' evidence was to the effect that there was no mention of the time of the sale of the building. The reference was to a sale of the property conveyed by them. The evidence of the appellant was to the effect that it was specifically stated in the presence of the respondents that the amount was to be paid when the building itself was sold. The court having construed the evidence in the light favorable to the respondents' contention this court is bound thereby.

That the appellant and her counsel have not always entertained their present view that the contract, as to the time of payment is unambiguous, appears from a cross-complaint

filed in this action to reform the above-quoted clause of the contract. It is alleged in said cross-complaint that said clause was intended to mean that she would pay the second parties the sum of $7,000 when she sold the said building and she prays a reformation for that purpose.

Complaint is also made that the court failed to find upon the issues of her cross-complaint. The court found that the payment was due when the appellant sold the property which had been conveyed to her by the respondents and not at the time of the sale of the building. We are of the opinion that such findings cover the issues raised by the cross-complaint.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.